UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR07-0343JLR |
| Plaintiff, | ORDER |
| v. | |
| NIVALDO RIASCOS, | |
| Defendant. | |

Before the court is *pro se* Defendant Nivaldo Riascos's motion for a reduction of sentence pursuant to Amendment 821 of the United States Sentencing Guidelines. (Mot. (Dkt. # 558).) Plaintiff the United States of America (the "Government") opposes Mr. Riascos's motion. (Resp. (Dkt. # 560).) Having considered the parties' briefs, the relevant portions of the record, and the applicable law, the court DENIES Mr. Riascos's motion.

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007). 18 U.S.C.

ORDER - 1

§ 3582(c)(2), however, "allows modification of a term of imprisonment when: (1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014); *see* 18 U.S.C. § 3582(c)(2). District courts lack jurisdiction to modify a sentence under section 3582(c)(2) unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 732 (9th Cir. 2009).

Here, the court lacks jurisdiction to modify Mr. Riascos's sentence because his sentencing range has not changed. At sentencing, the court agreed with the Government and the Probation Office that Mr. Riascos had a total offense level of 41 and a criminal history category of III, producing a guideline range of 360 months to life. (*See* Sentencing Tr. (Dkt. # 462) at 9-10, 22.) The court sentenced Mr. Riascos to 408 months of imprisonment. (Judgment (Dkt. # 438).) Under the newly amended version of the Sentencing Guidelines, Mr. Riascos has two fewer criminal history points, reducing his criminal history category from III to II. *See* USSG § 4A1.1(e). Nevertheless, this reduction in criminal history category does not affect Mr. Riascos's sentencing range because the range for level 41 at category II is also 360 to life. *See* USSG Ch. 5, Part A (Sentencing Table). Because Mr. Riascos's sentencing range has not been lowered by application of the retroactive guidelines amendment, he fails to meet the eligibility mandate imposed by 18 U.S.C. § 3582(c)(2).

//

//

For the foregoing reasons, the court DENIES Mr. Riascos's motion for a reduction of sentence (Dkt. # 558).

Dated this 1st day of October, 2024.

_____
JAMES L. ROBART
United States District Judge